UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS RAMOS, | : | |
| Petitioner, | : | Civ. No. 16-9139 (RBK) |
| v. | : | |
| NEW JERSEY STATE PRISON, et al., | : | **MEMORANDUM AND ORDER** |
| Respondents. | : | |

Petitioner is a state prisoner currently incarcerated at the New Jersey State Prison. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Previously, this matter was administratively terminated as petitioner had not paid the filing fee, nor had he submitted an application to proceed *in forma pauperis*. Subsequently, petitioner paid the $5.00 filing fee. Therefore, the Clerk will be ordered to reopen this case.

Petitioner's habeas petition is subject to screening by this Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Prior to ordering a response to the habeas petition from respondent in this case, this Court will order petitioner to show cause why his habeas petition should not be dismissed due to untimeliness.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[1] A state-court

---

[1] The statute states in full that the limitation period shall run from the latest of—

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *see also* 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review'). In particular, when a defendant does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period starts to run when the ninety-day period for seeking certiorari expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n.1 (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court"); U.S. SUP. CT. R. 13 (90-day deadline to petition for certiorari).

Petitioner states in his habeas petition that his judgment became final on July 14, 2011, as he did not file a petition for writ of certiorari with the United States Supreme Court after the New Jersey Supreme Court denied certification on his direct appeal on April 14, 2011. (*See* Dkt. No. 1-3 at p.8) Therefore, his statute of limitations began to run on July 14, 2011.

The filing of a post-conviction relief ("PCR") petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time

---

the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[.]" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett,* 531 U.S. 4, 8 (2000)).

Petitioner states that he filed his PCR petition on December 16, 2011. (*See* Dkt. No. 1-3 at p.8) Accordingly, by the time that petitioner had filed his PCR petition, 155 days of his one-year statute of limitations to file a federal habeas petition had run. Nevertheless, the filing of this PCR petition presumably tolled this one-year statute of limitations period.

Petitioner states in his habeas petition that the New Jersey Supreme Court denied certification on his PCR petition on March 24, 2016. (*See* Dkt. No. 1-3 at p.8) Petitioner does not indicate that he filed a petition for certiorari with the United States Supreme Court from that denial. Furthermore, in contrast to the rule on direct appeal, the tolling period does not include the time during which petitioner *could have* filed a petition for writ of certiorari in the United States Supreme Court from the denial of certification on his PCR petition. *See Stokes v. Dist. Attorney of Cnty. of Phila.,* 247 F.3d 539, 542 (3d Cir. 2001); *see also Ransome v. Holmes,* No. 12–4889, 2013 WL 6253668, at *4 (D.N.J. Dec. 4, 2013) (stating that ninety-day period that petitioner had to file a petition for writ of certiorari on the denial of PCR petition does not toll the AEDPA statute of limitations). Therefore, petitioner's remaining period of 210 days (365 days – 155 days = 210 days) to file his federal habeas petition began to run again on March 24, 2016.

Pursuant to the prisoner mailbox rule, petitioner filed his federal habeas petition on November 22, 2016. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); s*ee also Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). The period between when the New Jersey Supreme Court denied certification on his PCR petition on March 24, 2016, and when petitioner filed this federal habeas petition on November 22, 2016, is 243 days. However, petitioner only had 210 days remaining to file his federal habeas petition in light of the 155 days that had run between when his judgment became final and when he filed his PCR petition. Accordingly, it appears as if petitioner filed his federal habeas petition approximately one-month after his one-year statute of limitations expired (155 days + 243 days = 398 days).

While statutory tolling does not make petitioner's federal habeas petition timely, it is possible that petitioner may be able to establish equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

While petitioner does not assert that he is entitled to equitable tolling in his federal habeas petition, he shall be given the opportunity to assert reasons for why equitable tolling should apply. Petitioner's failure to show that equitable tolling saves his federal habeas petition from being considered untimely may result in dismissal of his habeas petition due to untimeliness.

Accordingly, IT IS this 17th day of February, 2017,

ORDERED that the Clerk shall reopen this case; and it is further,

ORDERED that petitioner shall show cause within thirty (30) days of the date of this Order why his habeas petition should not be dismissed due to untimeliness; petitioner may

include any arguments that he is entitled to equitable tolling in his filing with this Court; and it is further

ORDERED that petitioner's failure to respond to this Order in the time allotted may result in dismissal of his habeas petition due to untimeliness; and it is further

ORDERED that the Clerk shall serve this Order on petitioner by regular U.S. mail.


    s/Robert B. Kugler
    ROBERT B. KUGLER
    United States District Judge