UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS RAMOS, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-9139 (RBK) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY STATE PRISON, et al., | : | OPINION |
| | : | |
| Respondents. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a state prisoner incarcerated at the New Jersey State Prison. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Previously, this Court ordered petitioner to show cause why his habeas petition should not be summarily dismissed due to untimeliness. Having received petitioner's response, this Court finds that the habeas petition is untimely. It will be summarily dismissed.

## II.   *SUA SPONTE* SCREENING

Habeas Rule 4 requires a judge to *sua sponte* dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994).

### III.     BACKGROUND & DISCUSSION

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[1] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *see also* 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review'). In particular, when a defendant does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period starts to run when the ninety-day period for seeking certiorari expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n.1 (holding that the period of direct review "include[s]

---

[1] The statute states in full that the limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here

the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court"); U.S. SUP. CT. R. 13 (90-day deadline to petition for certiorari).

Petitioner states in his habeas petition that his judgment became final on July 14, 2011, as he did not file a petition for writ of certiorari with the United States Supreme Court after the New Jersey Supreme Court denied certification on his direct appeal on April 14, 2011. (*See* Dkt. No. 1-3 at p.8) Therefore, his statute of limitations began to run on July 14, 2011.

The filing of a post-conviction relief ("PCR") petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[.]" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett,* 531 U.S. 4, 8 (2000)).

Petitioner states that he filed his PCR petition on December 16, 2011. (*See* Dkt. No. 1-3 at p.8; *see also* Dkt. No. 4 at p.1) Accordingly, by the time that petitioner had filed his PCR petition, 155 days of his one-year statute of limitations to file a federal habeas petition had run. Nevertheless, the filing of this PCR petition tolled his one-year statute of limitations period.

Petitioner states in his habeas petition that the New Jersey Supreme Court denied certification on his PCR petition on March 24, 2016. (*See* Dkt. No. 1-3 at p.8; *see also* Dkt. No. 4 at p.2) Petitioner does not indicate that he filed a petition for certiorari with the United States Supreme Court from that denial. Furthermore, in contrast to the rule on direct appeal, the tolling period does not include the time during which petitioner *could have* filed a petition for writ of

certiorari in the United States Supreme Court from the denial of certification on his PCR petition. *See Stokes v. Dist. Attorney of Cnty. of Phila.,* 247 F.3d 539, 542 (3d Cir. 2001); *see also Ransome v. Holmes,* No. 12–4889, 2013 WL 6253668, at *4 (D.N.J. Dec. 4, 2013) (stating that ninety-day period that petitioner had to file a petition for writ of certiorari on the denial of PCR petition does not toll the AEDPA statute of limitations). Therefore, petitioner's remaining period of 210 days (365 days – 155 days = 210 days) to file his federal habeas petition began to run again on March 24, 2016.

Pursuant to the prisoner mailbox rule, petitioner filed his federal habeas petition on November 22, 2016. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988)*;* s*ee also Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). The period between when the New Jersey Supreme Court denied certification on his PCR petition on March 24, 2016, and when petitioner filed this federal habeas petition on November 22, 2016, is 243 days. However, petitioner only had 210 days remaining to file his federal habeas petition in light of the 155 days that had run between when his judgment became final and when he filed his PCR petition. Accordingly, it appears as if petitioner filed his federal habeas petition approximately one-month after his one-year statute of limitations expired (155 days + 243 days = 398 days). Therefore, statutory tolling does not make petitioner's habeas petition timely.

While statutory tolling does not make petitioner's federal habeas petition timely, it is possible that petitioner may be able to establish equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S.

at 418; *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Petitioner states that he is entitled to equitable tolling because he was reasonably diligent. He notes that the state appellate division granted the motion to file as within time a notice of appeal from the denial of his PCR petition. However, this period of time presumably would have

fallen within the time that his PCR petition was pending and not counting towards his one-year federal statute of limitations to bring this § 2254 action in the first place due to statutory tolling.

Petitioner also alludes to the fact that he filed his federal habeas petition within eight months after his PCR petition became final. However, unfortunately for petitioner, he had only about seven months remaining on his one-year federal statute of limitations. This Court does not find this argument warrants equitable tolling as well.

Finally, petitioner even concedes that attorney error and miscalculation is not a basis to equitably toll his one-year statute of limitations. *See Fahy*, 240 F.3d at 244. Accordingly, as equitable tolling also does not make petitioner's habeas petition timely, it is proper at this time to summarily dismiss the habeas petition due to untimeliness.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons discussed above, petitioner has not met this standard as his habeas petition is untimely. This Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the habeas petition is summarily dismissed as untimely. A certificate of appealability shall not issue. An appropriate order will be entered.


DATED: March 20, 2017                                  <u>s/Robert B. Kugler</u>
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge